TOWNSHIP OF EWING AND RICHARD WEASNER, PLAIN-
TIFFS-RESPONDENTS, v. THOMAS M. KING, DEFEND-
ANT-APPELLANT.

Argued December 1, 1975—Decided January 16, 1976.

*Mr. Peter A. Buchsbaum,* Assistant Deputy Public Advo-
cate, argued the cause for defendant-appellant (*Mr. Stanley
C. Van Ness,* Public Advocate, attorney, *Mr. Buchsbaum, Mr.
Carl S. Bisgaier,* Deputy Public Advocate, and *Mr. Kenneth
A. Meiser,* Assistant Deputy Public Advocate, on the brief).

*Mr. Charles P. Allen, Jr.,* argued the cause for plaintiffs-
respondents (*Messrs. Dietrich, Allen & St. John,* attorneys).

PER CURIAM. Defendant appeals a conviction under the
"Students Rooming Houses" section of plaintiff township's
zoning ordinance for allowing the occupancy of a dwelling
owned by him by more than four students. The ordinance

forbids occupancy of a student rooming house by more than four students. The conviction was affirmed by the Mercer County Court and the Appellate Division. In all tribunals the sole defense was the alleged unconstitutionality of the ordinance. An appeal as of right was taken to this court on the constitutional question. *R.* 2:2–1(a)(1).

A motion by defendant for summary reversal on the ground that the section in question had been repealed after the conviction was denied by this court.[1]

Our close examination of the record convinces us that defendant was not guilty of a violation of the ordinance in the first place. Therefore, in the interests of justice and to avoid the unnecessary exploration of a constitutional issue, we reverse and vacate the conviction.

The plaintiffs conceded at oral argument that the restrictions of this section of the ordinance apply only to "student rooming houses." On the stipulated facts this dwelling was not a rooming house, thus not a student rooming house. Plaintiffs' brief succinctly summarizes the basic facts here involved by stating that defendant "leased" the premises "to several unrelated persons including one Donald Fort for the 1971-1972 school year." It is conceded the lessees, or at least more than four of them, were students at Trenton State College.

A common definition of rooming houses, cited with approval by this court in *Pierro v. Baxendale,* 20 *N. J.* 17, 24 (1955), is that they are "places 'where there are one or more bedrooms which the proprietor can spare for the purpose of giving lodgings to such persons as he chooses to receive' ". See also 40 *Am. Jur.* 2d, *Hotels, Motels, etc.* § 6 at 904 (1968). It is perfectly obvious that here there was a letting of an entire building to a group of occupants for a fixed term. This did not constitute the con-

---

[1] The motion was interlocutory and the action is not to be taken as a considered adjudication by this court of the question raised by the motion.

duct of a "rooming house" or a "student rooming house" in any normal acceptation of those terms. Plaintiffs in effect so conceded at the oral argument, as we believe they were, in all candor, compelled to do on this record.

We of course imply no opinion on the merits of the constitutional holding by the Appellate Division.

Reversed; no costs.

*For reversal*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For affirmance*—None.